# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Steven Wayne Feldmann,

    Plaintiff,

v.

State of Wisconsin D.M.V., et al.,

    Defendants.

Case No.: 2:14-cv-37-JAD-VCF

**Order Re: Doc. 7**

On November 12, 2014, I dismissed pro se plaintiff Steven Feldman's case because he had failed to comply with the court's orders. Doc. 4. The clerk of court entered judgment later that day. Doc. 5. On December 1, 2014, a court mailing to Feldman was returned undeliverable. Doc. 6. Almost four months after my order, on March 9, 2015, Feldman filed a one-page document entitled simply, "Motion," in which he claims:

> To pro se a "dismissal" and waive court costs. Docket text is erratic also the fact the decisions were made on the grounds of "prejudice" and a "re-file" is requested and for the case to be bound over to a Multi-Litigation Judge.
>
> And note that action be taken criminally against the owners of the hospitals and individuals involved plus a fine if not confiscation of the medicall / and psychiatric facility with the jury demand of $50,000,000 dollars. [A]nd 50% of the assets because I was taken down to the marble floor and a shot that I went [unconscious] and came back for no reason I was a medical patient not a mental patient. My address is also spelled wrong. [F]eeding me french leave food. [w]hy[.]

Doc. 7 (spelling in original). Although it is unclear what type of relief Feldman seeks by this motion (Doc. 7), I construe his motion liberally as one for reconsideration.

Although the federal rules do not provide for motions for "reconsideration" such requests are commonly entertained under Federal Rules of Civil Procedure 59(e) and 60(b).[1] Under Rule 60(b), a district court may provide relief from a final order for, *inter alia*, (1) "mistake, inadvertence, surprise, or excusable neglect," (2) when newly discovered evidence is presented . . . or (6) "any

---

[1] Rule 59(e) governs judgments, and Rule 60 applies generally to all orders; as I am construing this motion as one for reconsideration of leave to amend I apply Rule 60's standard.

1

other reason that justifies relief."[2]  "The determination of what conduct constitutes excusable neglect under Rule 60(b)(1)  . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[3]  I consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[4]  Under Rule 60(b)(2), purportedly newly discovered evidence must not have been revealed through exercise of reasonable diligence;[5] and relief under Rule 60(b)(6)'s residual provision is even less likely, and to gain relief thereunder a party must demonstrate "extraordinary circumstances."[6]

Although Feldmann suggests that his address was "spelled wrong," he does not indicate who is responsible for this error, even though, for example, Local Special Rule 2-2 requires him to immediately file written notification with the court of any change of address and warns litigants that their failure to comply with this rule could lead to dismissal of their actions.[7]  He also does not ask for any relief I can discern, let alone offer any bases for reconsideration.

Accordingly, it is **HEREBY ORDERED** that Feldmann's Motion **[Doc. 7] is DENIED**.

DATED: March 18, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[2] Fed. R. Civ. Proc. 60(b)(1)-(2), (6).  The provisions in Rule 60(b)(3)-(5) are not relevant here.

[3] *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

[4] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

[5] *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 2011 (9th Cir. 1987).

[6] *Greenwalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997).

[7] *See, e.g.*, Nev. LSR 2-2; *Feldmann v. Valley Hosp.*, 2014 WL 4977350, at *1 (D. Nev. Oct. 6, 2014).

2